IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| TONYA MICHELLE PRIMM, | ) | |
| | ) | |
| Petitioner, | ) | NO. 1:09-0002 |
| | ) | JUDGE HAYNES |
| | ) | |
| | ) | |
| JEWEL STEELE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner, Tonya Michelle Primm, filed this pro se action under 28 U.S.C. § 2254 seeking the writ of habeas corpus to set aside her state convictions for second-degree murder, attempted first-degree murder, and aggravated burglary. In her pro se petition, Petitioner asserts the following claims: (1) ineffective assistance of counsel; and (2) violation of Petitioner's Fourteenth Amendment right to due process. After a review of the petition, the Court ordered the Petitioner to show cause why her petition should not be dismissed as time-bound. (Docket Entry No. 6). Based upon Petitioner's response to that Order (Docket Entry No. 8), the Court concludes that this action should be dismissed.

According to the Tennessee Court of Criminal Appeals Order, the state court entered judgment based upon Petitioner's guilty plea on May 11, 2004. (Docket Entry No. 8-11, Primm v. State, No. 2007-00568-CCA-R3-PC (Tenn. Crim. App. Nov. 9, 2007)). Petitioner signed a waiver of appeal that was entered by the trial court on May 19, 2004. Id. On August 30, 2004, the Petitioner filed a motion for modification/reduction of sentence that the trial court denied on September 9, 2004. Id. Petitioner filed two notices of appeal on November 15, 2005 and February 2, 2007. Id. On September 27, 2007, the Tennessee Court of Criminal Appeals

1

ordered Petitioner to show cause why her appeal should be allowed to proceed. Id. On November 9, 2007, the Tennessee Court of Criminal Appeals ruled that Petitioner's appeal was untimely. Id. Petitioner filed this action on July 21, 2008. (Docket Entry No. 1).

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") became effective and created a one-year statute of limitations for the filing of petitions for writ of habeas corpus. Under the AEDPA, prisoners have one year within which to file a petition for habeas corpus relief that runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review . . ." 28 U.S.C. § 2244(d)(1)(A).

To determine the expiration date of the statute of limitations, the time during a properly filed state post-conviction petition or other state collateral review is excluded. 28 U.S.C. § 2244(d)(2). Any lapse of time before a state application is properly filed is counted against the one-year limitations period. See Bennett v. Artuz, 199 F.3d 116, 122 (2nd Cir. 1999), aff'd, 531 U.S. 4 (2000).

In the Court's view, Petitioner's action is untimely. The Sixth Circuit ruled that a federal claim is untimely unless the State post-conviction proceedings effectively tolled the federal habeas limitations period because "the timeliness of [a] prisoner's post-conviction petition is governed by state statute." Vroman v. Brigano, 346 F.3d 598, 603 (6th Cir. 2003). The Sixth Circuit emphasized that "[t]his court . . . does not function as an additional state appellate court reviewing state court decision on state law or procedure. Allen v. Morris, 845 F.2d 610, 614 (6th Cir. 1988). Federal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state." Vroman, 346 F.3d at 604 (citation omitted).

Under Tennessee's post-conviction statute, Tenn. Code Ann. § 40-30-102(a) and (c), Petitioner had one year from the date that her conviction became final on direct review to file a

2

petition for post-conviction relief. Petitioner's conviction became final in May 2004, which gave her until May 2005 to file a state petition for post-conviction relief. Petitioner did not appeal the trial court's September 9, 2004 order denying her motion for reduction of her sentence until well after the State limitations period under Tenn. Code Ann. § 40-30-102(a) had lapsed.

Given the Tennessee Criminal Court of Appeals' finding that the Petitioner's appeal was untimely, the Court finds that there was not any tolling of the federal habeas statute of limitations. The Court concludes this petition is untimely.

Accordingly, this action is **DISMISSED with prejudice**. The Court declines to issue a Certificate of Appealability under 28 U.S.C. § 2253(c).

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the ___ day of September, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge